UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANGELA DEINES,
    Plaintiff,

v.     Case No.:

COLDWELL REALTY YOUR HOME
SOLD GUARENTEED, LLC d/b/a
COLDWELL REALTY, SCOTT
COLDWELL, individually.
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, ANGELA DEINES, by and through her undersigned counsel, and sues the Defendants, COLDWELL REALTY YOUR HOME SOLD GUARENTEED, LLC d/b/a COLDWELL REALTY, SCOTT COLDWELL, individually and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") and other causes of actions to recover unpaid back wages, an additional equal amount as liquidated damages, pre-judgment interest, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216 and 28 USC §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1331(b) as the events or omissions having rise to the claims alleged herein occurred in the Middle District of Florida, Ocala, Division.

### PARTIES

1

4. At all times material hereto, Plaintiff, ANGELA DEINES, was, and continues to be a resident of Marion County, Florida.

5. At all times material hereto Defendant COLDWELL REALTY YOUR HOME SOLD GUARENTEED, LLC d/b/a COLDWELL REALTY was, and continues to be a Florida corporation in the retail business of real property. Further, at all times material hereto, Defendant, COLDWELL REALTY YOUR HOME SOLD GUARENTEED, LLC d/b/a COLDWELL REALTY, was, and continues to be, engaged in business in Marion County, Florida.

6. At all times material hereto, Defendant SCOTT COLDWELL was an officer and owner of COLDWELL REALTY YOUR HOME SOLD GUARENTEED, LLC d/b/a COLDWELL REALTY and at all times material acted directly in the interest of COLDWELL REALTY YOUR HOME SOLD GUARENTEED, LLC d/b/a COLDWELL REALTY in relation to Plaintiff's employment by setting Plaintiff's work hours, set Plaintiff's rate of pay, as well as exercised significant control over the company's day-to-day operations and is employer as defined by 29 USC§203(d).

7. Defendants were and continues to be, "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff is an "employee" of Defendants within the meaning of FLSA.

9. At all times material hereto, Plaintiff was a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e).

10. At all times material hereto, Defendants were an "employer" within the meaning of FLSA, 29 U.S.C. §203(a) and (d).

11. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA. Based upon information and belief, the annual gross

revenue of Defendant, COLDWELL REALTY YOUR HOME SOLD GUARENTEED, LLC d/b/a COLDWELL REALTY, was in excess of $500,000.00 per annum during the relevant time periods.

12. The work performed by the Plaintiff was directly essential to the business performed by Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived. On or about December 15, 2021, Plaintiff provided Defendants with written notice of the violations including pre-and post-shift labor, which Plaintiff was not properly compensated.

## STATEMENT OF FACTS

14. Plaintiff, ANGELA DEINES, was hired by Defendants as a transaction coordinator.

15. Plaintiff's duties primarily involved a multitude of clerical office duties including getting supplies, and conducting numerous telephone calls for both in-state and out-of-state buyers regarding purchasing real estate properties in Florida.

16. Plaintiff regularly engaged in work for Defendants which is considered to be interstate commerce through the communication by telephone, email, and/or mail.

17. For approximately two years, Plaintiff worked for Defendants as "non-exempt" employee under the FLSA, and Plaintiff's was paid an hourly rate of $14.00 per hour at the time of termination.

18. Plaintiff was paid $13.00 per hour from the inception of her employment up until February 2020, which she received a dollar raise equaling $14.00 per hour thereafter.

19. Additionally, Plaintiff worked for Defendants but did not receive pay at the rate of at least one and one-half times for all her regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

20. All records concerning the number of hours actually worked by Plaintiff, are in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due them.

21. Plaintiff, however, will exert her collective diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiff.

22. Plaintiff has retained the undersigned attorney and is obligated to pay undersigned a reasonable fee for her services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

23. Plaintiff re-alleges and reavers paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. From at least February 2020, and continuing through on or about September 2021, Plaintiff worked in excess of the forty (40) hours per week, for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

25. Plaintiff was required to accept and answer work-related calls from potential buyers from home and at the office after working forty hours per workweek.

26. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

27. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

28. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half

times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

29. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Defendants' agent(s) were aware Plaintiff routinely worked beyond the bounds of her regular schedule but refused to regularly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

31. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

32. Plaintiff, by and through counsel, communicated in writing to Defendants and demanded proper compensation of overtime from Defendants prior to commencing this case with no success.

WHEREFORE, Plaintiff respectfully request that judgment be entered in her favor against Defendants:

a. Declaring the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due her for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees, post judgment interest, and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

e. Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ANGELA DEINES, demands trial by jury of all issues triable as of right by a jury.

Date: 2/7/2022

Respectfully submitted,
RIGGINS LAW FIRM, P.A.

DANIALLE RIGGINS, ESQ.
Florida Bar No. 0013909
421 South Pine Ave
Ocala, Florida 34471
(352) 433-2400 – Office
Service@Rigginslawfirm.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 7, 2022, I electronically served the foregoing document on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____

## SERVICE LIST

COLDWELL REALTY YOUR HOME
SOLD GUARENTEED, LLC d/b/a
COLDWELL REALTY c/o Registered
Agent SCOTT COLDWELL
3445 SW 4TH AVE
OCALA, FL 34471

SCOTT COLDWELL, individually.
3445 SW 4TH AVE
OCALA, FL 34471

6